SARA M. THORPE (SBN: 146529)
sthorpe@nicolaidesllp.com
KATHERINE E. MAST (SBN: 221208)
kmast@nicolaidesllp.com
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
800 Wilshire Blvd., Suite 860
Los Angeles, CA 90017
Telephone: (213) 402-1252
Facsimile: (213) 402-1246

Attorneys for Defendant ONEBEACON PROFESSIONAL INSURANCE, INC., a Delaware corporation; and Defendant and Counterclaimant HOMELAND INSURANCE COMPANY OF NEW YORK, a New York corporation

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

LOCAL INITIATIVE HEALTH AUTHORITY FOR LOS ANGELES, operating and doing business as L.A. CARE HEALTH PLAN,

Plaintiff,

v.

ONEBEACON PROFESSIONAL INSURANCE, INC., a Delaware corporation; ONEBEACON SPECIALTY INSURANCE COMPANY, a Pennsylvania corporation; HOMELAND INSURANCE COMPANY OF NEW YORK, a New York Corporation, and DOES 1-25, inclusive,

Defendants.

Case No.: 2:16-cv-04810-VAP-AGR

**DEFENDANT AND COUNTERCLAIMANT HOMELAND INSURANCE COMPANY OF NEW YORK'S ANSWER TO FIRST AMENDED COMPLAINT**

**DEMAND FOR JURY TRIAL**

Complaint Filed: May 26, 2016
Removed: June 30, 2016
Trial Date: None Set

HOMELAND INSURANCE COMPANY OF NEW YORK, a New York Corporation,

Counter-claimant,

v.

LOCAL INITIATIVE HEALTH AUTHORITY FOR LOS ANGELES COUNTY, operating and doing business as L.A. CARE HEALTH PLAN,

Counter-defendant.

Defendant and Counterclaimant Homeland Insurance Company of New York ("Homeland"), for its Answer to the First Amended Complaint ("FAC") of Plaintiff Local Initiative Health Authority for Los Angeles County, operating and doing business as L.A. Care Health Plan ("L.A. Care") states as follows:

**PARTIES**

1. In answer to Paragraph 1, Homeland is without knowledge or sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 1 of L.A. Care's FAC.

2. In answer to Paragraph 2, Homeland admits defendant OneBeacon Professional Insurance, Inc. ("OBPI, Inc.") was a Delaware corporation, until it dissolved on October 30, 2015. Homeland also admits OBPI, Inc. was a subsidiary of OneBeacon Insurance Group, Ltd. at all relevant times. Homeland denies the remaining allegations in Paragraph 2 of L.A. Care's FAC.

3. In answer to Paragraph 3, Homeland admits it is a New York corporation that underwrites and issues policies in California. Homeland

admits it is listed as an approved surplus line insurer by the California Department of Insurance. Homeland denies the remaining allegations in Paragraph 3 of L.A. Care's FAC.

4. Homeland denies the allegations in Paragraph 4 of L.A. Care's FAC.

5. Homeland denies the allegations in Paragraph 5 of L.A. Care's FAC.

## JURISDICTION AND VENUE

6. Homeland admits the allegations in Paragraph 6 of L.A. Care's FAC.

7. Homeland admits the allegations in Paragraph 7 of L.A. Care's FAC.

## FACTUAL BACKGROUND

8. Homeland is without sufficient information to admit or deny the allegations contained in Paragraph 8 of L.A. Care's FAC, and it therefore denies them.

9. Homeland is without sufficient information to admit or deny the allegations contained in Paragraph 9 of L.A. Care's FAC, and it therefore denies them.

10. In answer to Paragraph 10, Homeland is without sufficient information to admit or deny that "L.A. Care learned of OBPI[, Inc.] through its insurance broker", and it therefore denies said allegation. Homeland denies the remaining allegations in Paragraph 10 of L.A. Care's FAC.

11. Homeland denies the allegations in Paragraph 11 of L.A. Care's FAC.

12. In answer to Paragraph 12, Homeland admits the Managed Care Organizations Errors & Omissions Liability Policy No. MCR-5583-12, for the policy period April 1, 2012 – April 1, 2013 (the "Policy") was issued

to L.A. Care at a gross premium of $140,000. The allegations contained in Paragraph 12 of L.A. Care's FAC constitute an incomplete summary of the terms of the Homeland Policy, which, as a written document, is the best evidence of what it says. Homeland denies the remaining allegations contained in Paragraph 12 of L.A. Care's FAC.

13. In answer to Paragraph 13, Homeland admits the Policy was issued to L.A. Care with limits of liability of $10,000,000 each claim and in the aggregate, subject to a per claim Retention of $250,000 and that the terms of the Homeland Policy are set forth in that document. Homeland denies the remaining allegations contained in Paragraph 13 of L.A. Care's FAC.

14. In answer to Paragraph 14, Homeland admits L.A. Care agreed to and paid the premium required by the Policy and admits L.A. Care purchased, and Homeland issued, the Policy, effective April 1, 2012 through April 1, 2013. Homeland denies the remaining allegations contained in Paragraph 14 of L.A. Care's FAC.

15. The allegations in Paragraph 15 of L.A. Care's FAC are legal argument and inaccurate and on that basis, Homeland denies the allegations contained in Paragraph 15 of L.A. Care's FAC.

16. Homeland admits it was notified, on or about March 28, 2013 of a letter from the Hospital to L.A. Care asserting that L.A. Care owed it $4,232,778 as a result of underpayments by L.A. Care for emergency and post-stabilization care services provided by the Hospital. Homeland admits March 28, 2013 is within the Policy period. Homeland is without sufficient information to admit or deny the remaining allegations contained in Paragraph 16 of L.A. Care's FAC, and it therefore denies them.

17. In answer to Paragraph 17, Homeland is without sufficient information to admit or deny that "L.A. Care denied that it underpaid the

Hospital and disputed that the statutes and regulations required rates higher than what it had paid the Hospital," and it therefore denies said allegation. To the extent the allegations accurately describe the Hospital's Complaint, Homeland admits the same. Upon information and belief, Homeland admits the remaining allegations contained in Paragraph 17 of L.A. Care's FAC.

18. In answer to Paragraph 18, Homeland admits L.A. Care notified Homeland of the March 29, 2013 lawsuit filed against L.A. Care ("Hospital Lawsuit"). Homeland admits a letter dated May 3, 2013 was sent to L.A. Care, the terms of which are set forth in that document and speak for themselves. Homeland, denies the remaining allegations contained in Paragraph 18 of L.A. Care's FAC.

19. Homeland is without sufficient information to admit or deny the allegations contained in Paragraph 19 of L.A. Care's FAC, and it therefore denies them.

20. Homeland is without sufficient information to admit or deny the allegations contained in Paragraph 20 of L.A. Care's FAC, and it therefore denies them.

21. Homeland is without sufficient information to admit or deny the allegations contained in Paragraph 21 of L.A. Care's FAC, and it therefore denies them.

22. In answer to Paragraph 22, Homeland admits it received a letter from L.A. Care dated July 14, 2014, the terms of which are set forth in that document and speak for themselves. To the extent the allegations accurately quote the July 14, 2014 letter, Homeland admits the same. Homeland, therefore, denies the remaining allegations contained in Paragraph 22 of L.A. Care's FAC.

/ / /

23. In answer to Paragraph 23, Homeland admits a letter dated July 16, 2014 was sent to L.A. Care, the terms of which are set forth in that document and speak for themselves. Homeland denies the remaining allegations contained in Paragraph 23 of L.A. Care's FAC because they are incorrect or set forth legal arguments and conclusions of law, not factual allegations.

24. Upon information and belief, Homeland admits the allegations in Paragraph 24 of L.A. Care's FAC.

25. In answer to Paragraph 25, Homeland admits it has not indemnified L.A. Care for any portion of its settlement with the Hospital because, among other reasons and subject to other Homeland Policy terms and conditions, the relief sought by the Hospital does not constitute "Damages," as defined in the Homeland Policy. Homeland also admits it has not paid any "Claim Expenses," as defined in the Homeland Policy, because L.A. Care has not paid or incurred reasonable and necessary "Claim Expenses" that exceed the $250,000 per-claim Retention. To the extent the remaining allegations contained in Paragraph 25 of L.A. Care's FAC suggest something different, they are inaccurate or are legal argument and the subject of this lawsuit, and on those bases Homeland denies any other allegations.

**FIRST CAUSE OF ACTION**

**(DECLARATORY RELIEF)**

26. Homeland restates, repleads, and realleges Paragraphs 1 through 25 above as though fully stated here.

27. In answer to Paragraph 27, Homeland admits a controversy exists between Homeland and L.A. Care. The other allegations in the paragraph constitute argument, legal conclusion, and the very issues the Court is being asked to decide to which no response is required. To the

extent a response is required, Homeland denies the remaining allegations contained in Paragraph 27 of L.A. Care's FAC.

28. In answer to Paragraph 28, upon information and belief, Homeland admits it has no duty to indemnify L.A. Care for any portion of its settlement with the Hospital because, subject to other Homeland Policy terms and conditions, the relief sought in the Hospital Lawsuit does not constitute "Damages," as that term is used in the Homeland Policy. Homeland also admits it has not paid any "Claim Expenses," as that term is used in the Homeland Policy, because L.A. Care has not paid or incurred reasonable and necessary "Claim Expenses" that exceed the $250,000 per-claim Retention. To the extent the remaining allegations contained in Paragraph 28 of L.A. Care's FAC suggest something different, they are incorrect or are legal argument and the subject of this lawsuit to which no response is required. To the extent a response is required, Homeland denies the remaining allegations in Paragraph 28 of L.A. Care's FAC.

29. In answer to Paragraph 29, Homeland denies L.A. Care is entitled to the judicial declaration it seeks and, therefore, denies the allegations contained in Paragraph 29 of L.A. Care's FAC.

**SECOND CAUSE OF ACTION**

**(BREACH OF CONTRACT)**

30. Homeland restates, repleads and realleges Paragraphs 1 through 29 above as though fully stated here.

31. In answer to Paragraph 31, Homeland admits the Homeland Policy is a written contract, subject to its terms and conditions. The allegations contained in Paragraph 31 of L.A. Care's FAC constitute an incomplete summary of the Homeland Policy, which, as a written document, is the best evidence of what it says. On that basis, Homeland

denies the remaining allegations contained in Paragraph 31 of L.A. Care's FAC.

32. In answer to paragraph 32, Homeland admits L.A. Care paid the $140,000 premium associated with the Homeland Policy. Homeland is without sufficient information to admit or deny whether L.A. Care performed all, or substantially all, of "its obligations" under the Homeland Policy, or was excused from doing those things, and on that basis denies the remaining allegations contained in Paragraph 32 of L.A. Care's FAC.

33. In answer to Paragraph 33, the allegations constitute argument, legal conclusion, and the very issues the Court is being asked to decide and, therefore, no response is required. To the extent a response is required, Homeland denies the remaining allegations in Paragraph 33 of L.A. Care's FAC.

34. In answer to Paragraph 34, the allegations constitute argument, legal conclusion, and the very issues the Court is being asked to decide and, therefore, no response is required. To the extent a response is required, Homeland denies the remaining allegations in Paragraph 34 of L.A. Care's FAC.

## THIRD CAUSE OF ACTION

## (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING)

35. Homeland restates, repleads and realleges Paragraphs 1 through 34 above as though fully stated here.

36. In answer to Paragraph 36, the allegations constitute argument and legal conclusions to which no response is required. To the extent a response is required, Homeland denies the remaining allegations in Paragraph 36 of L.A. Care's FAC.

37. Homeland denies the allegations in Paragraph 37 of L.A. Care's FAC.

38. In answer to Paragraph 38, the allegations constitute argument and legal conclusions to which no response is required. To the extent a response is required, Homeland denies the remaining allegations in Paragraph 38 of L.A. Care's FAC.

39. In answer to Paragraph 39, the allegations constitute argument, legal conclusion, and the very issues the Court is being asked to decide and, therefore, no response is required. To the extent a response is required, Homeland denies the remaining allegations in Paragraph 39 of L.A. Care's FAC.

40. In answer to Paragraph 40, the allegations constitute argument, legal conclusion, and the very issues the Court is being asked to decide and, therefore, no response is required. To the extent a response is required, Homeland denies the remaining allegations in Paragraph 40 of L.A. Care's FAC.

41. In answer to Paragraph 41, the allegations constitute argument, legal conclusion, and the very issues the Court is being asked to decide and, therefore, no response is required. To the extent a response is required, Homeland denies the remaining allegations in Paragraph 41 of L.A. Care's FAC.

42. In answer to Paragraph 42, the allegations constitute argument, legal conclusion, and the very issues the Court is being asked to decide and, therefore, no response is required. To the extent a response is required, Homeland denies the remaining allegations in Paragraph 42 of L.A. Care's FAC.

/ / /

/ / /

/ / /

/ / /

## FOURTH CAUSE OF ACTION
## (UNFAIR COMPETITION)
## (CAL. BUS. & PROF. CODE §§ 17200 et seq.)

43. Homeland restates, repleads and realleges Paragraphs 1 through 42 above as though fully stated here.

44. In answer to Paragraph 44, it contains an incomplete summary of law, to which no response is required. To the extent a response is required, Homeland denies the remaining allegations in Paragraph 44 of L.A. Care's FAC.

45. In answer to Paragraph 45, the allegations constitute argument, legal conclusion, and the very issues the Court is being asked to decide and, therefore, no response is required. To the extent a response is required, Homeland denies the remaining allegations in Paragraph 45 of L.A. Care's FAC.

46. In answer to Paragraph 46, the allegations constitute argument, legal conclusion, and the very issues the Court is being asked to decide and, therefore, no response is required. To the extent a response is required, Homeland denies the remaining allegations contained in Paragraph 46 of L.A. Care's FAC.

47. In answer to Paragraph 47, the allegations constitute argument, legal conclusion, and the very issues the Court is being asked to decide and, therefore, no response is required. To the extent a response is required, Homeland denies the remaining allegations contained in Paragraph 47 of L.A. Care's FAC.

48. In answer to Paragraph 48, Homeland denies L.A. Care is entitled to the relief sought. Homeland denies the remaining allegations contained in Paragraph 48 of L.A. Care's FAC.

/ / /

## PRAYER

Homeland denies L.A. Care is entitled to any relief. Homeland denies that L.A. Care is entitled to declaratory relief in its favor, damages, prejudgment interest, attorneys' fees, costs, exemplary damages, or an order pursuant to Cal. Bus. Code § 17203, as alleged in L.A. Care's Prayer for Relief. Homeland further denies that L.A. Care is entitled to seek other remedies. Homeland prays that L.A. Care takes nothing by its FAC, the FAC be dismissed with prejudice, and Homeland be awarded its costs of suit and such other relief as may be just and proper.

## AFFIRMATIVE DEFENSES

Unless otherwise specifically provided, Homeland raises each of the following affirmative defenses to each and every cause of action or claim asserted against Homeland. Homeland hereby alleges the following affirmative defenses without assuming the burden of proof for such where the burden is not by law upon Homeland. Homeland specifically reserves all rights to withdraw any affirmative defense as investigation and discovery in this matter may dictate. Further, Homeland reserves its right to amend these affirmative defenses as additional facts are obtained through further investigation and discovery.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

L.A. Care's FAC, and each and every cause of action there, fails to state facts sufficient to constitute a claim against Homeland upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

L.A. Care's claims are barred by the applicable statute of limitations including, but not limited to, California Code of Civil Procedure sections

337, 339, and/or 343, as well as California Business & Professions Code section 17208.

**THIRD AFFIRMATIVE DEFENSE**

**(No Coverage)**

L.A. Care's claims are barred, in whole or in part, because there is no coverage for the claims against L.A. Care based on the terms, conditions, definitions, limitations, and exclusions contained in, and in all endorsements to, the Homeland Policy.

**FOURTH AFFIRMATIVE DEFENSE**

**(No "Damages")**

L.A. Care's claims are barred because the amounts which L.A. Care paid to settle the Hospital Lawsuit do not constitute "Damages" as that term is defined in the Homeland Policy.

**FIFTH AFFIRMATIVE DEFENSE**

**(No "Claim Expenses")**

L.A. Care's claims are barred, in whole or part, to the extent L.A. Care seeks reimbursement for "Claim Expenses" because L.A. Care did not pay reasonable and necessary "Claim Expenses" (as that term is defined in the Homeland Policy), in excess of the Homeland Policy's $250,000 per-claim Retention.

**SIXTH AFFIRMATIVE DEFENSE**

**(Voluntary Payments)**

L.A. Care's claims are barred, in whole or in part, to the extent L.A. Care has voluntarily paid, assumed an obligation to pay, or incurred an expense without notice and approval by Homeland.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Credit, Offset)**

Any amounts L.A. Care recovers by way of its FAC, if any, must be

reduced or offset by recoveries L.A. Care has obtained, or hereafter obtains, from other sources including, but not limited to, other government entities and insurers. Further, such amounts (if any) must be offset or be considered as a credit in considering any amounts Homeland would owe to L.A. Care.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Actions of Third Parties)**

L.A. Care's alleged damages, if any, were caused by the acts or omissions of third parties over whom Homeland had no control and for whose acts Homeland is not responsible.

**NINTH AFFIRMATIVE DEFENSE**

**(Other Insurance)**

L.A. Care's claims are barred or reduced, in whole or in part, to the extent insurance other than the Homeland Policy applies to L.A. Care's claims.

**TENTH AFFIRMATIVE DEFENSE**

**(No Breach / Genuine Dispute – Third Cause of Action)**

L.A. Care's claims of violation of the covenant of good faith and fair dealing are barred because Homeland at all times acted in good faith and dealt fairly with its insured, did not breach the Homeland Policy nor the implied covenant of good faith and fair dealing, and the dispute between the parties is a genuine dispute.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Not Proximate Cause)**

L.A. Care's claims are barred, in whole or part, because the acts alleged to have been committed by Homeland were not the cause in fact, proximate cause, or legal cause of any damages to L.A. Care.

/ / /

**TWELFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

L.A. Care's claims are barred, in whole or part, because to the extent L.A. Care suffered any damage, any recovery should be barred or limited by the failure on the part of L.A. Care to mitigate, minimize, or reduce such damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Punitive Damages – Third Cause of Action)**

L.A. Care's claim for exemplary or punitive damages fails to state facts entitling an award of such damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Constitutional Objection to Punitive Damages)**

L.A. Care's claims are barred to the extent the amount of punitive damages sought is unconstitutionally excessive under the California and United States Constitutions, including that it violates the Excessive Fines Clause of the Eighth Amendment, U.S. Const. amend. VIII, and the Due Process Clause of the Fourteenth Amendment, U.S. Const. Amendment XIV, section 1.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Laches)**

L.A. Care's claims are barred, in whole or part, by the doctrine of laches.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Waiver, Estoppel)**

L.A. Care's claims are barred, in whole or in part, because L.A. Care waived those claims and/or is estopped from raising the claims.

/ / /

/ / /

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Indispensable Parties)**

L.A. Care's claims are barred, in whole or in part, because L.A. Care failed to name, serve and/or join all indispensable parties to this action.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Proposition 64 – Fourth Cause of Action)**

Proposition 64 bars L.A. Care's claims to the extent L.A. Care alleges it is bringing claims as a representative of others.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law – Fourth Cause of Action)**

L.A. Care's claims are barred, in whole or in part, because L.A. Care has an adequate remedy at law.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(No Reasonable Reliance – Fourth Cause of Action)**

L.A. Care's claims are barred, in whole or in part, because it did not rely on any marketing or advertising by or on behalf of Homeland, and any such reliance was not reasonable if contrary to the wording of the Homeland Policy.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Compliance with Law – Fourth Cause of Action)**

L.A. Care's claims are barred, in whole or in part, because L.A. Care fails to state a claim for unlawful conduct under Business & Professions Code ¶¶ 17200, et seq. and 17500, et seq., because Homeland complied with applicable law.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Right to Raise Additional Defenses)**

L.A. Care failed to describe the causes of action with sufficient particularity to enable Homeland to determine all of its legal, contractual,

and equitable rights. Homeland therefore reserves the right to amend and/or supplement its answer and affirmative defenses and assert any and all pertinent defenses ascertained through investigation and discovery in this action.

**PRAYER FOR RELIEF**

Having answered L.A. Care's FAC, Homeland prays for judgment as follows:

1. That L.A. Care take nothing from Homeland by way of its FAC;
2. That the Court dismiss L.A. Care's FAC with prejudice;
3. That judgment be entered in favor of Homeland and against L.A. Care;
4. For costs of suit; and
5. For such further relief as the court may deem just and proper.

Dated: October 3, 2016

NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP

By: */s/ Katherine E. Mast*
Sara M. Thorpe
Katherine E. Mast
Attorneys for Defendant and Counterclaimant HOMELAND INSURANCE COMPANY OF NEW YORK, a New York Corporation

**DEMAND FOR JURY TRIAL**

Defendant and Counterclaimant Homeland Insurance Company of New York hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: October 3, 2016

NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP

By: *Is/ Katherine E. Mast*

Sara M. Thorpe
Katherine E. Mast
Attorneys for Defendant and Counterclaimant HOMELAND INSURANCE COMPANY OF NEW YORK, a New York Corporation