SARA M. THORPE (SBN: 146529)
sthorpe@nicolaidesllp.com
KATHERINE E. MAST (SBN: 221208)
kmast@nicolaidesllp.com
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
800 Wilshire Blvd., Suite 860
Los Angeles, CA 90017
Telephone:    (213) 402-1252
Facsimile:     (213) 402-1246

Attorneys for Defendant
ONEBEACON PROFESSIONAL INSURANCE,
INC., a Delaware corporation;
and Defendant and Counterclaimant
HOMELAND INSURANCE COMPANY
OF NEW YORK, a New York Corporation

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LOCAL INITIATIVE HEALTH AUTHORITY FOR LOS ANGELES COUNTY, operating and doing business as L.A. CARE HEALTH PLAN, <br><br> Plaintiff, <br><br> v. <br><br> ONEBEACON PROFESSIONAL INSURANCE, INC., a Delaware corporation; ONEBEACON SPECIALTY INSURANCE COMPANY, a Pennsylvania corporation; HOMELAND INSURANCE COMPANY OF NEW YORK, a New York Corporation, and DOES 1-25, inclusive, <br><br> Defendants. | Case No.: 2:16-cv-04810 VAP(AGRx) <br><br> **DISCOVERY MATTER** <br><br> **STIPULATED PROTECTIVE ORDER** <br><br><br> Courtroom:      780 <br> Judge: Hon.     Virginia A. Phillips <br><br> Complaint Filed: May 25, 2016 <br> Trial Date:       September 19, 2017 |
| AND RELATED COUNTERCLAIMS | |

## STIPULATED PROTECTIVE ORDER

## I.   GOOD CAUSE

1.      Discovery in this action includes production of sensitive, confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Such materials and information consist of, among other things, confidential business information, information that is otherwise generally unavailable to the public, and information which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material, to address handling of this information at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential manner, and there is good cause why it should not be part of the public record of this case.

2.      Now therefore, the Parties stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery.  The Parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party

1  seeks permission from the Court to file material under seal.

2       3.    Any use of the Confidential Information at trial in this Litigation

3  shall be governed by the orders of the trial judge.  This Stipulated

4  Protective Order does not govern the use of Confidential Information at

5  trial in this Litigation.

6  **II.**    **<u>DEFINITIONS</u>**

7       4.    "Confidential Information" means any information which the

8  producing Party believes in good faith is sensitive, confidential, proprietary,

9  or private information.

10       5.    "House Counsel" means attorneys who are employees of a

11  party to this Lawsuit.  House Counsel does not include Outside Counsel of

12  Record or any other outside counsel.

13       6.    The "Litigation" means the above-captioned case styled *Local*

14  *Initiative Health Authority for Los Angeles County, operating and doing*

15  *business as L.A. Care Health Plan v. OneBeacon Professional Insurance,*

16  *Inc., et al.*, Case No. 2:16-cv-04810 VAP(AGRx), United States District

17  Court for the Central District of California.

18       7.    "Non-Party" means any natural person, partnership,

19  corporation, association, or other legal entity not named as a Party to this

20  Litigation.

21       8.    "Outside Counsel of Record" means attorneys who are not

22  employees of a party to this Litigation but are retained to represent or

23  advise a party to this Litigation and have appeared in this Litigation on

24  behalf of that party or are affiliated with a law firm which has appeared on

25  behalf of that party, and includes support staff.

26       9.    "Party" means Local Initiative Health Authority for Los Angeles

27  County, operating and doing business as L.A. Care Health Plan,

28  Homeland Insurance Company of New York or OneBeacon Professional

Insurance, Inc.; "Parties" means Local Initiative Health Authority for Los Angeles County, operating and doing business as L.A. Care Health Plan, Homeland Insurance Company of New York and OneBeacon Professional Insurance, Inc.

10.    "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

## III.    DESIGNATION OF CONFIDENTIAL INFORMATION

11.    Any Party may, in good faith, designate information or material disclosed, produced, or filed by that Party in the course of the Litigation (including settlement negotiations) as Confidential Information in the manner set forth below, or by written agreement of the Parties at any time. Wholesale designations of entire productions or designations of publicly available information as Confidential Information is prohibited.

12.    Any Party may designate any document, tangible thing, or information it discloses, produces, files, or otherwise makes available to another Party in the Litigation as Confidential Information by stamping or otherwise indicating on such documents, tangible things, or information "Confidential – Subject to Protective Order – USDC Central District of California Case No. 2:16-cv-04810 VAP(AGRx)".

13.    Any Party may designate deposition testimony, including exhibits, as Confidential Information.  Designation of deposition testimony, including exhibits, as Confidential Information shall be made by the Party disclosing the Confidential Information by placing a statement to such effect on the record during the course of the deposition of any deponent.  If such designation is made during the deposition, the Party designating the testimony and/or exhibits as Confidential Information shall instruct the

court reporter to place the "Confidential – Subject to Protective Order – USDC Central District of California Case No. 2:16-cv-04810 VAP(AGRx)" legend on each page of the transcript containing material designated as Confidential Information.

14.    All or any part of a Party's responses to interrogatories or to requests for admission or to requests for the production may be designated as Confidential Information in the manner set forth in paragraph 12 above.

15.    The Parties acknowledge that the disclosure of Confidential Information may cause injury to the producing Party and/or third parties that may not be adequately compensated through an award of damages. Accordingly, the producing Party may seek and obtain injunctive relief against any other Party that violates this Order, in addition to any other legal and equitable remedies available.

## IV.    <u>USE OF CONFIDENTIAL INFORMATION</u>

16.    Material designated as Confidential Information shall be used or disclosed solely in connection with the Litigation, pursuant to the terms of this Stipulated Protective Order.  Other than as set forth in this Stipulated Protective Order, material designated as Confidential Information shall not be used in any other litigation or for any other purpose without further order of this Court.  The Parties shall make all reasonable efforts to protect the Confidential Information from disclosure to others.

17.    Nothing in this Stipulated Protective Order shall preclude any Party or its representative from discussing with any other person the progress, theories, or legal strategy in the Litigation as long as the contents of the Confidential Information are not disclosed.

/ / /

18.     Other than Court personnel (including court reporters), or commercial photocopying firms, access to Confidential Information shall be limited to:

A.     The directors, officers, employees, agents, House Counsel, or claim administrators of a Party or an affiliate, parent or subsidiary of a Party in connection with the prosecution, defense, or supervision of the Litigation, as well as a Party's auditors, regulators or reinsurers in connection with the Party's regular business practices;

B.     Outside Counsel of Record for the Parties in the Litigation, and their employees who are assisting in the prosecution or defense of the Litigation;

C.     Other counsel for the Parties in the Litigation, and their employees who are assisting in the prosecution or defense of the Litigation;

D.     Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

E.     Experts, consultants (including independent experts), and investigators, including the employees of such experts, consultants, or investigators, who are employed, retained, or otherwise consulted by counsel or a Party for the purpose of assisting with the Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); access to Confidential Information by experts, consultants, and investigators shall be limited to the relevant Confidential Information that the experts, consultants, and investigators require in their roles as experts consultants, or investigators;

/ / /

F.     Professional Vendors retained by counsel or a Party in order to assist in the prosecution or defense of the Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

G.     During their depositions, witnesses, and attorneys for witnesses, in the Litigation to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

19.    All persons, other than Parties and those included in subparagraphs 18(A)-18(G) above, who receive Confidential Information pursuant to the terms of this Stipulated Protective Order shall return all Confidential Information, including all copies of Confidential Information, to the Party producing the Confidential Information upon resolution of the Litigation.  The Court will retain jurisdiction to enforce the terms of this Stipulated Protective Order after dismissal of this Litigation pending return of all Confidential Information.

20.    Confidential Information may be disclosed to the Court in connection with any filing or proceeding in the Litigation, but the Party seeking to disclose it shall seek permission from the Court to file the Confidential Information under seal pursuant to the procedures set forth in Civil Local Rule 79-5.

/ / /

21.    Nothing in this Stipulated Protective Order restricts or limits the Party producing Confidential Information from any use or disclosure of same (or information contained therein or derived therefrom) in the same manner as a Party receiving designated Confidential Information.

22.    Nothing in this Stipulated Protective Order shall be construed as a finding that the Confidential Information does or does not constitute or contain information that is confidential, proprietary, trade secret, or otherwise sensitive.

23.    Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.  The challenging Party or Non-Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.  The burden of persuasion in any such challenge proceeding shall be on the designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging Party or Non-Party to sanctions. Unless the designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing Party's designation until the Court rules on the challenge.

24.    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Litigation as "Confidential Information," that Party must:

A.    Promptly notify in writing the designating Party. Such notification shall include a copy of the subpoena or court order;

B.    Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated

Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

> C. Cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose Confidential Information may be affected.

If the designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "Confidential Information" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission. The designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this Litigation to disobey a lawful directive from another court.

25. The terms of this Order are applicable to information produced by a Non-Party in this Litigation and designated as "Confidential Information." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

> A. Promptly notify in writing the requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

/ / /

B.     Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

C.     Make the information requested available for inspection by the Non-Party, if requested.

If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## V.     INADVERTENT PRODUCTION AND WAIVER

26.    If a Party or Party's counsel inadvertently produces Confidential Information without designating it as such, the Party or the Party's counsel may nevertheless designate such material as Confidential Information as follows:

A.     Within thirty (30) calendar days of the discovery of its failure to designate, the producing Party must give written notice to all Parties who received copies of the produced documents, tangible things, or information that the producing Party claims are, in whole or in part, Confidential Information and the Party must state why the documents, tangible things, or information are confidential; and

B.     Included with such notice, the producing Party shall provide conforming copies of the produced documents, tangible things, or

information bearing the "Confidential – Subject to Protective Order – USDC Central District of California Case No. 2:16-cv-04810 VAP(AGRx)" legend on the documents, tangible things, or information designated as Confidential Information.  All Parties who have received inadvertently produced Confidential Information shall take reasonable steps to promptly destroy all copies in their possession not bearing such designations upon receipt of the conforming copy.

27.    Any Party may waive a previously made confidential designation by informing all other Parties of the waiver in writing and this Stipulated Protective Order shall no longer apply to such material.

28.    When a producing Party gives notice to receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the court.

29.    If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving Party must immediately (a) notify in writing the designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms

"Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## VI.   RETURN OF CONFIDENTIAL INFORMATION

30.   Within one-hundred and twenty (120) days of the conclusion of the Litigation, each Party who has produced Confidential Information shall notify all other Parties that they must either:

A.   Return to the producing Party all Confidential Information in their possession or in the possession of their agents, including all copies thereof, with the producing Party bearing the cost of such return; or

B.   Take reasonable steps to destroy all such materials in their possession or the possession of their agents, including copies thereof.  A Party which chooses to destroy all such materials shall certify to all other Parties, in writing, that all Confidential Information has been destroyed; or

C.   Maintain as confidential in accordance with the terms of this agreement.

31.   Notwithstanding any other provisions of this Stipulated Protective Order, attorney work product that embodies or references Confidential Information shall not be subject to the provisions of the preceding paragraph of this Stipulated Protective Order.

32.   Nothing in this Stipulated Protective Order shall be construed to require a Party to return or destroy any part of its files for the Litigation (e.g., its pleadings and memoranda files) containing Confidential Information, including, but not limited to, Confidential Information which is, for example, attached as exhibits to deposition transcripts or to declarations filed in support of motions and other papers submitted to the Court.  Likewise, nothing in this Stipulated Protective Order shall be construed to require a Party or those included in paragraph 18 to destroy

backup tapes, drives, or files that contain Confidential Information.  All Parties shall be allowed to retain Confidential Information contained in such files so long as the Confidential Information is kept sealed or protected from disclosure to third parties.

## VII.   RETROACTIVE APPLICATION

33.   Any Party that has produced confidential material prior to the filing of this Stipulated Protective Order may, within thirty (30) calendar days of the entry of this Stipulated Protective Order, give written notice to all Parties who received copies of the previously produced material or information that the producing Party claims are, in whole or in part, Confidential Information.  Included with such notice, the producing Party shall provide conforming copies of the previously produced material bearing the "Confidential – Subject to Protective Order – USDC Central District of California Case No. 2:16-cv-04810 VAP(AGRx)" legend on the documents, tangible things, or information designated as Confidential Information.  Upon receipt of the conforming copy(ies), all Parties who have received the previously produced Confidential Information shall take reasonable steps to promptly destroy all non-conforming copies in their possession.  Nothing in this paragraph shall be construed to prevent a receiving party from challenging the Confidential designation pursuant to the procedures identified herein.

## VII.   MISCELLANEOUS

34.   Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

35.   By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object

1  on any ground to use in evidence of any of the material covered by this

2  Stipulated Protective Order.

3  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4  Dated: November 30, 2016          NICOLAIDES FINK THORPE

5                                            MICHAELIDES SULLIVAN LLP

6

7                                          By:_____/s/ Katherine E. Mast_____

8                                                    Sara M. Thorpe
                                                 Katherine E. Mast
9                                          Attorneys for Defendant OneBeacon
                                           Professional Insurance, Inc.; and
10                                         Defendant and Counterclaimant
                                           Homeland Insurance Company of
11                                         New York, a New York Corporation

12

13  Dated: November 30, 2016          ZUBER LAWLER & DEL DUCA LLP

14

15                                         By:_____/s/ Don A. Hernandez_____

16                                                 Don A. Hernandez
                                           Attorneys for Local Initiative Health
17                                         Authority for Los Angeles County,
                                           Operating and Doing Business as
18                                         L.A. Care Health Plan

19

20  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

21

22                                                    _alicia G. Rosenberg_

23  Dated: December 5, 2016          By:_____

24                                                 Alicia G. Rosenberg
                                           United States Magistrate Judge
25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

By:_____ */s/ Katherine E. Mast*_____

## **EXHIBIT A**

## **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full

address], declare under penalty of perjury that I have read in its entirety

and understand the Stipulated Protective Order that was issued by the

United States District Court for the Central District of California on

_____ in the case of *Local Initiative Health Authority for Los*

*Angeles County, operating and doing business as L.A. Care Health Plan v.*

*OneBeacon Professional Insurance, Inc., et al.*, Case No. 2:16-cv-04810

VAP(AGRx). I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the

nature of contempt. I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States

District Court for the Central District of California for the purpose of

enforcing the terms of this Stipulated Protective Order, even if such

enforcement proceedings occur after termination of this action. I hereby

appoint _____ [print or type full name] of

_____ [print or type full address

and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of

this Stipulated Protective Order.

/ / /

/ / /

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____